IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JUAN N MELENDEZ,

    Plaintiff,

v.                                        CASE NO. 4:12-cv-20-SPM-GRJ

UNITED STATES OF AMERICA,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* Complaint, and in accordance with this Court's Order (Doc. 8), is proceeding pursuant to a Second Amended Complaint asserting claims under the Federal Tort Claims Act (Doc. 10). This case is now before the Court on Doc. 15, Defendant's motion to dismiss the Second Amended Complaint based upon Plaintiff's failure to timely file an administrative claim under the FTCA before bringing suit. Plaintiff has responded in opposition to the motion, Doc. 19, and therefore this matter is now ripe for determination. For the following reasons, the undersigned recommends that the motion to dismiss be granted.

## Standard of Review

The FTCA provides a limited waiver of sovereign immunity for actions against the United States involving, *inter alia*, "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place

where the act or omission occurred."[1]  Statutory waivers of sovereign immunity must be construed strictly in favor of the sovereign.[2]  "The United States, as sovereign, is immune from suits save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[3]  Because the United States' consent to suit is limited by the terms of the FTCA, "[w]here no such consent exists, a district court has no jurisdiction to entertain a suit against the United States."[4]

The disposition of a timely administrative tort claim by a federal agency is a statutory prerequisite to initiating suit in the district court.  28 U.S.C. § 2675(a).  Thus, the United States' motion to dismiss is properly construed as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).  When such a motion is based on matters outside the complaint, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."[5]

## Plaintiff's Claims

Plaintiff contends that in 2004, while confined within the BOP, he was diagnosed

---

[1] Tisdale v. United States, 62 F.3d 1367, 1370-71 (11th Cir. 1995) (quoting 28 U.S.C. § 1346(b)) (emphasis added).

[2] Means v. United States, 176 F.3d 1376, 1378 (11th Cir. 1999) (quotation and citation omitted).

[3] United States v. Mitchell, 445 U.S. 535, 538 (1980) (internal quotations and citation omitted); see Broussard v. United States, 989 F.2d 171, 177 (5th Cir. 1993).

[4] Stanley v. Central Intelligence Agency, 639 F.2d 1146, 1156 (5th Cir. 1981).

[5] Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981) (internal quotation and citation omitted); see also Barnett v. Okechebee Hospital, 283 F.3d 1232, 1237-38 (11th Cir. 2002).

with a perforation of his right ear and treated with surgery.  He contends that the surgery did not heal properly, and he complained of ongoing pain.  He was given medication and in late 2005 he was given a hearing aid due to hearing loss in the affected ear.

Between 2005 and June 2007, Plaintiff did not complain to BOP medical staff about his ear.  On June 22, 2007, he complained about pain and drainage, and was treated thereafter by prison medical staff.  In early 2008 he was seen by an ear specialist.  He was scheduled to see a hearing specialist, but in May 2008 he was transferred to Marianna FCI.  He complained about his ear problems to medical staff and was prescribed pain medication and antibiotics.   In October 2008, Plaintiff filed a BOP administrative remedy request, seeking both additional treatment and monetary compensation for hearing loss in his right ear.  In denying the administrative claim on November 17, 2008, the BOP advised Plaintiff that:

> The Administrative Remedy Program is not the appropriate forum to request monetary compensation. You may file an Administrative Tort Claim to request monetary compensation, your Correctional Counselor will provide the Standard Form 95, Claim for Damage, Injury or Death and instructions for completing the form.

Doc. 15, Exh. 2.

Plaintiff filed an administrative remedy appeal to the Regional Administrator; the appeal was denied on December 30, 2008.  *Id.* Exh. 3, 4.  In the denial, Plaintiff was again informed that "[t]he Administrative Remedy Program is not the appropriate forum to request monetary compensation for any alleged negligence on the part of the [BOP].  You must file an Administrative Tort Claim to request monetary compensation for any

alleged negligence on the part of the [BOP]." *Id*. Plaintiff filed a Central Office Administrative Remedy Appeal on January 26, 2009, in which he requested an investigation "before proceeding to court litigation." *Id*. Exh. 5.

Plaintiff was seen by an ear specialist in February 2009, and had surgery on his ear in July 2009. According to the Complaint, his ear problem resolved after surgery and follow-up treatment. Doc. 10.

On March 28, 2011, Plaintiff filed an administrative tort claim under the FTCA for $10,000,000 for compensation for hearing loss. Doc. 19 Exh. 6.

## **FTCA Two-Year Limitations Period**

A plaintiff must file an administrative tort claim with the appropriate administrative agency within the two-year statute of limitations period established by the FTCA. 28 U.S.C. § 2401, *et seq*. "A tort against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). A plaintiff's failure to timely file an administrative claim with the applicable agency divests a federal court of subject matter jurisdiction over the plaintiff's FTCA claim. *Phillips v. United States*, 260 F.3d 1316, 1317-19 (11th Cir. 2001); *Shoff v. United States*, 245 F.3d 1266, 1267 (11th Cir. 2001). "It is well established that the FTCA is a specific waiver of the sovereign immunity of the United States and must be strictly construed." *Phillips*, 260 F.3d at 1318 (citing *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979)).

An FTCA medical malpractice claim accrues when the plaintiff knows of both the injury and its cause. *Kubrick*, 444 U.S. at 120. Thus, a claim "accrues when the plaintiff is, or in the exercise of reasonable diligence should be, aware of both [his]

injury and its connection with some act of the defendant. *McCullough v. United States*, 607 F.3d 1355, 1359 (11th Cir. 2010) (quoting *Price v. United States*, 775 F.2d 1491, 1494 (11th Cir. 1985)).

In this case, it is clear that Plaintiff was aware of his hearing loss, its alleged connection to the BOP medical care, and his belief that he was entitled to monetary compensation for such hearing loss at least by October 2008 when he filed his administrative remedy request. Doc. 15 Exh. 1. Plaintiff was informed in November and December 2008 that he needed to file an administrative tort claim in order to seek monetary compensation for his alleged injury. *Id*. Exh. 2, 4. Plaintiff expressed an intention to pursue litigation in January 2009. *Id*. Exh. 5. This record supports a determination that Plaintiff's claim accrued, at the very latest, in January 2009, and Plaintiff's administrative tort claim filed on March 28, 2011, is clearly untimely.

Plaintiff contends that his claim did not accrue until his final surgery in July 2009 which resolved his ongoing ear infection and drainage problem. Doc. 19. But the allegations of the Complaint and Plaintiff's administrative remedy documents reflect his belief that his injury was precipitated by a failure to discover a tumor in his ear before the 2004 surgery, which resulted in hearing loss that manifested in 2005 when he was provided with a hearing aid. *See* Doc. 10; Doc. 15 & Exhibits. Plaintiff expressly sought compensation for the hearing loss in October 2008. The fact that Plaintiff's ongoing problem with drainage and infection was not successfully cured until July 2009 does not undermine a conclusion that he was aware of his injury and hearing loss as early as 2004 and 2005 (when he received a hearing aid), and when he was specifically told in November and December 2008 that he needed to file an administrative tort claim

in order to claim monetary compensation for his hearing loss.

To the extent that Plaintiff contends that he is entitled to tolling of the limitations period on a "continuing violation" theory, such argument is unavailing on this record. In view of the strict construction afforded to the FTCA's waiver of sovereign immunity, the Eleventh Circuit narrowly limits the scope of the continuing violation doctrine. *See Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1335-36 (11th Cir. 2006). The Eleventh Circuit has:

> [L]imited the application of the continuing violation doctrine to situations in which a reasonably prudent person would have been unable to determine that a violation had occurred. If an event or series of events should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuous violation doctrine.

*Ctr. for Biological Diversity*, 453 F.3d at 1335 (quoting *Hipp v. Liberty Nat'l Life Ins. Co*. 252 F.3d 1208, 1221 (11th Cir. 2001)). Plaintiff cannot claim that he was unaware of the need to assert his rights under the FTCA, because he was specifically advised to do so in the responses to his BOP administrative remedy requests.

## Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, Doc. 15, be **GRANTED**, and that this case be dismissed for lack of subject matter jurisdiction.

**IN CHAMBERS** this 7th day of January 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**